**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 3:24cr316-2** |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **RASHAAD KHALID CHE TAYLOR,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

Before the court is Defendant Rashaad Khalid Che Taylor's motion to dismiss Counts 1 through 6 of the superseding indictment pursuant to the Speedy Trial Act of 1974, as amended, 18 U.S.C. §§ 3161–3174. (Doc. 111). The government concedes that the statutory time limit has been surpassed by 10 days and requests that Counts 1 through 8 be dismissed without prejudice. (Doc. 116). Taylor's briefing indicates concurrence in the government's requested disposition. (Doc. 118).

Per the Speedy Trial Act, trial shall commence in any case in which a not guilty plea is entered within 70 days "from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute also provides for several enumerated exclusions in calculating that time. 18 U.S.C. § 3161(h)(1)–(8). If a defendant is

not brought to trial within this time limit, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Accordingly, the superseding indictment will be dismissed.

The statute provides for sanctions, particularly dismissal of the charges with or without prejudice. Id. The statute requires the court to consider three factors when determining whether dismissal should be with or without prejudice. The factors are: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. "[A] district court must carefully consider th[e]se factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." United States v. Taylor, 487 U.S. 326, 336 (1998). Furthermore, dismissal without prejudice "is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute[.]" Id. at 342.

Mindful of the Supreme Court's instruction, the court will discuss each factor even where the parties propose the same outcome.

**1. Seriousness of the Offense**

The first factor to consider is the seriousness of the offense. "This element 'centers primarily on society's interest in bringing the particular accused to trial.'"

United States v. Stevenson, 832 F.3d 412, 419 (3d Cir. 2016) (quoting United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988)). "The graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." Hastings, 847 F.2d at 925.

In the superseding indictment, Taylor has been charged with very serious offenses: 1) conspiracy to produce child pornography, in violation of 18 U.S.C. §2251(a) and (e); 2) two counts of aiding and abetting the production of child pornography, in violation of 18 U.S.C. §§ 2 and 2251(a); 3) aiding and abetting the coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2 and 2422(b); 4) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); 5) commission of a felony sex offense by an individual required to register as a sex offender, in violation of 18 U.S.C. § 2260A; 6) transferring obscene matter to a minor, in violation of 18 U.S.C. § 1470; and 7) tampering with documents or proceedings, in violating of 18 U.S.C. § 1512(c)(1). (Doc. 42). The factual predicate for the conspiracy charge includes allegations that the defendant conspired with another defendant to engage in group sex with a minor victim at a Lackawanna County hotel and allegations that the defendant later engaged in a group chat with a second minor victim to create child pornography images. Id. at 1–4.

As currently charged, Taylor faces a mandatory minimum sentence of 35 years and, per the government, an anticipated guideline range of life in prison. (Doc. 116 at 12). Taylor does not minimize the seriousness of the offenses as charged. (Doc. 118). The court agrees with the parties' assessment. This factor weighs in favor of dismissal without prejudice.

**2. Facts and Circumstances Which Led to Dismissal**

The second factor to consider involves the facts and circumstances which led to the dismissal of the charges. "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" Stevenson, 832 F.3d at 420 (quoting United States v. Cano-Silva, 402 F.3d 1031, 1036 (10th Cir. 2005)) (additional citation omitted).

The government has demonstrated that the 10 days of time beyond the statutory limit is not the result of its intentional dilatory conduct or a pattern of neglect. On April 17, 2026, the court entered a memorandum and order denying the defendant's motions to suppress evidence. (Docs. 91–92). Under the statutory exceptions to the 70-day limit, "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded. 18 U.S.C.

§ 3161(h)(1)(H). The court's decision occurred outside the 30-day period. That amounted to 26 of the 70 days in the non-excludable period. The court also set trial on May 25, 2026, which amounted to 38 of the 70 days in the non-excludable period. If any of those days are attributable to the government, "the record does not suggest the violation resulted from an intentional effort to delay proceedings or obtain a tactical advantage." (Doc. 118, Def. Br. in Supp. at 5). So, this factor also weighs in favor of dismissal without prejudice.

### 3. Impact of a Reprosecution on the Administration of Justice

The final factor examines the impact of a reprosecution on the administration of justice. One of the "main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay[.]" Stevenson, 832 F.3d at 422 (quoting United States v. Howard, 218 F.3d 556, 562 (6th Cir. 2000)). Defendant has not demonstrated any prejudice other than his pretrial detention on very serious charges. Additionally, defendant does not "contend that the delay has resulted in the loss of evidence, unavailability of witnesses, or that the [g]overnment has acted in bad faith." (Doc. 118, Def. Br. in Supp. at 5). The court finds that this factor also weighs in favor of dismissing the charges without prejudice.

On the balance of the factors, all three point to dismissal without prejudice. Accordingly, for the reasons above, the charges against Taylor in the

superseding indictment, Counts 1 through 8, will be **DISMISSED WITHOUT PREJUDICE** to the government reindicting the defendant.

**BY THE COURT:**

Date: 9/29/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**